1 | MITCHELL D. GLINER, ESQ.
Nevada Bar No. 3419
2 | 3017 West Charleston Blvd., Suite 95
Las Vegas, Nevada 89102
3 | 702-870-8700
702-870-0034 FAX
4 | Attorney for Plaintiff

5

6 | **UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7

8 | CV-S-05-0482-RLH-RJJ

9 | JEREMY MAY,

10 |                 Plaintiff,

   vs.
11
                             )
12 | NEVADA CREDICO, INC., dba)
QUANTUM COLLECTIONS,        )    JURY DEMANDED
                             )
13 |             Defendant.)
  _____)
14

                  COMPLAINT
15
                 JURISDICTION
16
     1.   The jurisdiction of this Court attains pursuant to the
17
FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332,
18
and the doctrine of supplemental jurisdiction.  Venue lies in the
19
Southern Division of the Judicial District of Nevada as Plaintiff's
20
claims arose from acts of the Defendant perpetrated therein.
21
              PRELIMINARY STATEMENT
22
     2.   This action is instituted in accordance with and to remedy
23
Defendant's violations of the Federal Fair Debt Collection
24
Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), and
25
of related state law obligations brought as supplemental claims
26
hereto.
27
     3.   In December, 2004, Defendant initiated a campaign of
28
abusive, unfair, unreasonable, and unlawful debt collection

1 | activity directed against Plaintiff at Plaintiff's home in Las
2 | Vegas, Nevada.

3 |     4.   As a result of these and other violations of law,
4 | Plaintiff seeks hereby to recover actual and statutory damages
5 | together with reasonable attorney's fees and costs.

6 | PARTIES

7 |     5.  Plaintiff, Jeremy May, is a natural person who resides in
8 | Las Vegas, Nevada, and is a "consumer" as defined by 15 U.S.C.
9 | Section 1692a(3) and allegedly owes a "debt" as defined by 15
10 | U.S.C. Section 1692a(5).

11 |     6.  Defendant, Nevada Credico, Inc. dba Quantum Collections,
12 | is a domestic corporation, the principal purpose of whose business
13 | is the collection of debts, operating a debt collection agency from
14 | its principal place of business in North Las Vegas, Nevada and
15 | regularly collects or attempts to collect debts owed or due or
16 | asserted to be owed or due another, and is a "debt collector" as
17 | defined by 15 U.S.C. Section 1692a(6).

18 | FACTUAL ALLEGATIONS

19 |     7.  Plaintiff repeats, realleges and asserts all factual
20 | allegations contained in the preliminary statement to this
21 | Complaint and reasserts them as incorporated in full herein.

22 |     8.  Plaintiff, at all times mentioned herein, is enlisted in
23 | the California Air National Guard and has been attending Air Force
24 | basic training in Texas.  Plaintiff is therefore protected under
25 | the Soldiers and Sailors Relief Act, U.S. Code 50 Appendix, §501
26 | et seq.

27 |     9.  While Plaintiff was in basic training in Texas his
28 | vehicle was involved in an accident and towed to a storage yard.

10.   Plaintiff contacted the storage yard and provided his address and parents' phone number.

11.   Shortly thereafter Plaintiff was contacted by the storage yard and informed that his vehicle had been sold without notice to him.

12.   Plaintiff was further advised that he owed a balance of $2,000.00 and his account would be sent to collections if not immediately paid in full.

13.   In late December 2004, Quantum Collections contacted Plaintiff's parents, requesting to speak with Plaintiff.

14.   Plaintiff's father gave Monique of Quantum Plaintiff's cell phone number, advising that Plaintiff was not often available at his parents' number.

15.   Quantum spoke with Plaintiff thereafter and was advised by Plaintiff that he disputed the debt because his car had been sold without notice to him.

16.   Plaintiff further advised Defendant that he had a pending property damage claim with the responsible driver's insurance company.

17.   Plaintiff also advised Ms. Tyler he was to be contacted on his cell phone and not his parents' phone.

18.   Notwithstanding, on February 25, 2005, Tyler left the following message on Plaintiff's parents' answering machine in violation of FDCPA § 1692c(b):

> Hi.   This message is for Jeremy May.   This is
> Tyler calling from Quantum Collections.   I
> need you to return my call regarding your
> account with CityWide Towing.   We are getting

-3-

1          ready to take the hold off on the account and

2          so I need to know what you are doing with it

3          before we do.  So if you could please give me

4          a call back.  I am at 633-8029.  Thank you.

5      19.   This message was received by Plaintiff's parents and

6   brother and sister.

7      20.   On March 4, 2005 Tyler also left the following message on

8   Plaintiff's parents' answering machine in violation of FDCPA §

9   1692c(b):

10         This message is for Jeremy May.  This is Tyler

11         calling  from  Quantum  Collections  regarding

12         CityWide  Towing.   I  have  left  you  numerous

13         messages regarding that account and I have to

14         take  the  hold  off  on  it  to report to your

15         credit bureaus, so if you can please give me a

16         call back and let me know what you wanta to do

17         with the account.  I am at 633-8029.  I need

18         to hear from you by the 15th of the month.

19         Thank you.

20     21.   This message was again received by Plaintiff's parents.

21     22.   Defendant's continued phone contacts to Plaintiff, at

22  times and at a place known to be inconvenient to Plaintiff, were

23  made in violation of FDCPA § 1692c(a)(1).  Fox v. Citicorp Credit

24  Services, Inc., 15 F.3d 1507, 1516, fn. 10 (9th Cir. 1994), Austin

25  v. Great Lakes Collection Bureau, Inc., 834 F. Supp. 557, 559 (D.

26  Conn. 1993).

27     23.   The Defendant's repeated recalls to Plaintiff's parents'

28  home  constituted  harassment  in  violation  of  FDCPA §§ 1692d  and

1   1692d(5).  Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507,

2   1516 (9th Cir. 1994), Bingham v. Collection Bureau, Inc., 505 F.

3   Supp. 864, 873 (1981), Kuhn v. Account Control Technology, Inc.,

4   865 F. Supp. 1443, 1452-53 (D. Nev. 1994).

5        24.  During  the  middle  of  March, Plaintiff received

6   Defendant's March 7, 2005 dun (Exhibit 1).

7        25.  Exhibit 1 is the only correspondence ever received by

8   Plaintiff from Defendant and does not provide required FDCPA §

9   1692g's mandatory disclosures.

10       26.  The foregoing acts and omissions of Defendant were

11  undertaken by it willfully, maliciously, and intentionally,

12  knowingly, and/or in gross or reckless disregard of the rights of

13  Plaintiff.

14       27.  Indeed, the foregoing acts and omissions of Defendant

15  were undertaken by it indiscriminately and persistently, as part of

16  its regular and routine debt collection efforts, and without regard

17  to or consideration of the identity or rights of Plaintiff.

18       28.  As a proximate result of the foregoing acts and omissions

19  of Defendant, Plaintiff has suffered actual damages and injury,

20  including, but not limited to, stress, humiliation, mental anguish

21  and suffering, and emotional distress, for which Plaintiff should

22  be compensated in an amount to be proven at trial.

23       29.  As a result of the foregoing acts and omissions of

24  Defendant, and in order to punish Defendant for its outrageous and

25  malicious conduct, as well as to deter it from committing similar

26  acts  in  the  future  as  part  of  its  debt  collection  efforts,

27  Plaintiff is entitled to recover punitive damages in an amount to

28  be proven at trial.

CAUSES OF ACTION

COUNT I

30.   The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to, Sections 1692c, 1692d, 1692e, 1692f and 1692g.

31.   Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

COUNT II

32.   The foregoing acts and omissions constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy. *Kuhn v. Account Control Technology, Inc.*, 865 F. Supp. 1443, 1448-49 (D. Nev. 1994); *Pittman v. J. J. Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613-14 (D. of Nev. 1997).

33.   Plaintiff is entitled to recover actual damages as well as punitive damages in an amount to be proven at trial.

JURY DEMAND

Plaintiff hereby demands trial by a six-person jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

        1.   Award actual damages.

        2.   Award punitive damages.

        3.   Award statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

        4.   Award reasonable attorney fees.

        5.   Award costs.

. . .

1    6.   Grant such other and further relief as it deems just

2  and proper.

3                          Respectfully submitted,

4

5                          _____
                           MITCHELL D. GLINER, ESQ.
6                          Nevada Bar #3419
                           3017 West Charleston Boulevard
7                          Suite 95
                           Las Vegas, Nevada 89102
8                          Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E X H I B I T S**

3224 CIVIC CENTER DRIVE
P.O. BOX 364389
NORTH LAS VEGAS, NV 89036-8389
RETURN SERVICE REQUESTED

**QUANTUM COLLECTIONS**
3224 CIVIC CENTER DRIVE • P.O. BOX 364389
NORTH LAS VEGAS, NV 89036-8389
(702) 633-8029

March 7, 2005

Amount Paid: $_____
Date Paid: _____  Check #: _____

MA059257-901  007654
May Jeremy Lynn
2300 Hunt Club St
Las Vegas NV  89128-6718

MA059257
Quantum Collections
PO Box 364389
North Las Vegas NV  89036-8389

*** RETURN THIS LETTER IN THE ENVELOPE WITH YOUR PAYMENT ***     QTCO1901536763742



**\* \* Save Up To   328.85 \* \***

Regarding the following accounts in your Quantum Collections file: This notice will serve to notify you that Quantum
Collections has been authorized and will accept the following amounts to consider these balances settled-in-full.

| Debt | Account # | Balance | Settlement | Savings |
|------|-----------|---------|------------|---------|
| CITY WIDE TOWING | 1986-00918 | 1096.18 | 767.33 | 328.85 |

Total Settlement Savings     328.85

This is a one-time offer that will expire 10 days from the date of this notice.

Our office will be accepting MasterCard, VISA, and Discover to assist you in taking advantage of this offer.  As time
is limited on this settlement offer, please contact M TYLER immediately regarding any questions on these accounts.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

If you wish to pay by credit card, fill in the information
below and return the entire letter to us.

   

| | | | | | | | | | | | | | | | | | | $ | | | / |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Account Number                                   Payment Amount      Expire Date

_____                 _____
Card Holder Name                                 Signature of Card Holder

**QUANTUM COLLECTIONS**
**3224 CIVIC CENTER DRIVE • P.O. BOX 364389 • NORTH LAS VEGAS, NV 89036-8389**
**(702) 633-8029**



EXHIBIT /